## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

KERRY HOGLAND, et al.                                    PLAINTIFFS

VS.                        3:14CV00273 JTR

TOWN & COUNTRY GROCER
OF FREDERICKTOWN MISSOURI, INC.                    DEFENDANT

## ORDER

Defendant, Town & Country Grocer Of Fredericktown Missouri, Inc. ("Town & Country"), has filed an Omnibus Motion in Limine that includes twelve individual motions. *Doc. 61*. Plaintiff, Kerry Hogland ("Hogland"), individually, and, as guardian *ad litem* on behalf of her minor child H.T., has filed a Response. *Doc. 88*. She opposes only one of Town & Country's Motions, concerning the admissibility of the post-accident photographs of the parties' vehicles.

The Court will address each of these Motions separately.

**1.    "Liability Insurance Coverage"**

Without objection, Town & Country's Motion in Limine to exclude any reference to liability insurance coverage is granted.

**2.      "Exclusion of Witnesses"**

Without objection, Town & Country's Motion in Limine to invoke the rule excluding witnesses, pursuant to Fed. R. Evid. 615, is granted.

**3.      "Settlement Negotiations"**

Without objection, Town & Country's Motion in Limine to exclude any reference to settlement negotiations is granted.

**4.      "Objectionable Deposition Testimony"**

Town & Country requests exclusion of "[a]ny mention or reference to any deposition testimony [to] which a proper objection was made until such time as the Court has been afforded the opportunity to rule on the objection." *Doc. 61 at 4*. Without objection, this Motion is granted.

In a July 2, 2015 telephone conference with counsel, the Court explained the procedure it follows to resolve, *well in advance of trial*, objections to deposition testimony that may be introduced into evidence. *Counsel must immediately begin the implementation of that procedure as described below.*

The attorneys have until and including Wednesday, July 15, 2015 to provide opposing counsel with copies of the deposition testimony they intend to introduce at trial. The portions of those depositions that each side intends to introduce into evidence must be highlighted with a yellow marker. Counsel will then have until and including Monday, July 20, 2015 to note in the margin of the deposition the

2

ground for their objections to the proposed testimony. Counsel must *immediately return* the depositions, with the noted objections in the margin, to opposing counsel. Opposing counsel will then have until and including July 24, 2015 to review those objections and note in the margin (using a different color ink) a *short response* to each objection.

All of the highlighted depositions, with the noted objections and responses, must be delivered to the Court on or before July 27, 2015. The Court will then rule on each of the objections (using red ink), in the margin of the depositions, and promptly return them to the parties so they can prepare the final transcripts or videos of the depositions that contain only the testimony that will be admitted into evidence at trial. The original marked-up depositions (with counsels' objections, responses, and the Court's rulings on those objections) will be marked as Court's Exhibits and made a part of the record.

**5.      "Financial Status/Punitive Damages Argument"**

Without objection, Town & Country's Motion in Limine to exclude any reference to the parties' "net worth" or "punitive-type" financial information is granted.

**6.      "Reference to Any and All Discovery Disputes and Rulings in this Case"**

Without objection, Town & Country's Motion in Limine to exclude any reference to any discovery disputes and the Court's rulings is granted.

3

**7.    "Ruling on Motions"**

Without objection, Town & Country's Motion in Limine to exclude any reference to the Court's rulings on motions is granted.

**8.    "The Golden Rule"**

Without objection, Town & Country's Motion in Limine to exclude any "Golden Rule" arguments is granted.

**9.    "Sending a Message"**

Without objection, Town & Country's Motion in Limine to exclude "send-a-message" arguments is granted.

**10.    "Any Portion of the Accident Report (Motor Vehicle Collision Report)"**

Without objection, Town & Country's Motion in Limine to exclude the motor vehicle accident report is granted.

**11.    "Post-Accident Photographs of the Subject Vehicles"**

Town & Country argues that all post-accident photographs of the parties' vehicles should be excluded from evidence because: (1) it has admitted liability; (2) Hogland has not asserted a property-damage claim; and (3) "the photographs

are being used to, and will, create an unfair emotional bias against defendant —
not to establish a fact of consequence."[1] *Doc. 61 at 7.*

Town & Country primarily relies on *Harris v. Damron*, 267 Ark. 1141, 594
S.W.2d 526 (1980). In that case, the decedent was a pedestrian who was struck and
killed by an automobile driven by defendant. On appeal, the Court considered
whether the trial court had properly excluded several "gruesome" photographs: one
taken at the accident scene showing the decedent's severed arm; and other
photographs taken in the morgue showing the decedent's body and arm. The Court
affirmed the trial court's exclusion of the photographs under Rule 403, noting that
the excluded photos "tended [not] to prove anything in dispute." *Id.* at 258.

Although Town & Country has admitted liability, the extent of Hogland's
and H.T.'s injuries and damages are very much "in dispute." Under the Rule 403
balancing test, even "gruesome" photographs *may* be admissible "if they tend to
shed light on any issue, to corroborate testimony, or if they are essential in proving
a necessary element of a case, are useful to enable a witness to testify more
effectively, or enable the jury to better understand the testimony." *Aka v. Jefferson
Hosp. Ass'n, Inc.*, 344 Ark. 627, 42 S.W.3d 508 (2001). Under Fed. R. Evid. 401,
the post-accident photographs of the parties' vehicles are clearly relevant and
certainly probative as to Hogland's and H.T.'s claims for damages for the injuries

---

[1] Town & Country has not provided the Court with the photographs it seeks to exclude. However, all
indications are that the photos fairly and accurately depict the condition of the parties' vehicles after the August 7,
2012 accident.

they sustained in the accident. *See McElwain v. Harris*, 2006 WL 931920, *3 (D. N.H. April 6, 2006) (in an admitted-liability case, post-accident photographs of the parties' vehicles were "highly probative" to the decedent's mental anguish in the moments preceding her death, and therefore admissible, despite defendant's argument that they would "inflame the jury."); *Rizzo v. New Jersey Mfrs. Ins. Co.*, 2009 WL 928351, *5 (N.J. Super. Ct. A.D. April 8, 2009) (unpublished) (in an admitted liability case, post-accident photographs of the plaintiff's car following a "violent" collision supported the plaintiff's claim for mental anguish — "such that plaintiff's fear for her life when the car flipped over, and her current apprehension when riding in a car, are understandable."); *Hunt v. Long*, 763 So.2d 811, 819 (La. Ct. App. 2000) (in an admitted liability case, affirming the admission of a post-accident photo of the "demolished" plaintiff's vehicle — rejecting the defendant's argument that "the photo's inflammatory prejudicial effect outweighed any probative value"); *see also Pinkerton v. Davis*, 212 Ark. 796, 207 S.W.2d 742 (1948) (trial court properly admitted photographs of the plaintiff's damaged car).

While the photographs of Hogland's car and the Town & Country vehicle may show graphic evidence of the impact of the collision, the Court concludes that the significant probative value of those photographs, as they relate to Hogland's and H.T.'s damages, is *not* substantially outweighed by the danger of unfair

prejudice. *See* Fed. R. Evid. 403. Thus, Town & Country's Motion in Limine to exclude those photographs is denied.

**12.   "Testimony as to Duty"**

Without objection, Town & Country's Motion in Limine to exclude any reference "to any duty defendant owed plaintiff" is granted.

IT IS THEREFORE ORDERED THAT Town & Country's Omnibus Motion in Limine (*doc. 61*) is GRANTED, IN PART, and DENIED, IN PART. Town & Country's Omnibus Motion in Limine to exclude the post-accident photographs of the parties' vehicles is DENIED. The remainder of Town & Country's Omnibus Motion in Limine is GRANTED.

Dated this 10th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE